## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.    TAYLOR BURKE, as Special Administrator to the Estate of LAWANDA WARD, deceased,<br>        Plaintiffs, | )<br>)<br>)<br>)<br>) | |
| vs. | ) | Case No.: 4:21-cv-00131-JED-SH |
| | ) | |
| 1.    CITY OF TULSA, OKLAHOMA;<br>2.    G4S SECURE SOLUTIONS (USA) INC.;<br>3.    CHRISTA KALER;<br>4.    SARAH KESSLER;<br>5.    BALEIGH NAPIER;<br>6.    MOISES IZQUIERDO SANTOS;<br>7.    MATTHEW WILLIS;<br>8.    J. BESSON;<br>9.    M. FORBES;<br>10.  B. FREDERICK;<br>11.  E. OKODUWA; and<br>12.  S. WHITWORTH;<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## DEFENDANT G4S SECURE SOLUTION (USA), INC.'S
## PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant G4S Secure Solutions (USA), Inc. ("G4S" or "the company") submits this Partial Motion to Dismiss the claims of Taylor Burke, as Special Administrator of the Estate of Lawanda Ward, ("Plaintiff") against it set forth in the Complaint [Dkt. 2], pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In this case, Plaintiff has sued numerous defendants for both alleged state and federal constitutional violations that occurred during Lawanda Ward's ("Ward") incarceration at the Tulsa Municipal Jail, which claims stem from the Defendants' alleged intentional deprivation of necessary medical care to Ward. Plaintiff's claims fail as a matter of law and, therefore, should be dismissed. In further support, G4S submits as follows:

**STANDARD OF REVIEW**

In considering a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957)). Courts must view plaintiffs' well pled facts in the light most favorable to the nonmoving party. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). However, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. The rule in *Twombly* has been adopted and applied by the Tenth Circuit. *See Ton Services, Inc. v. Qwest Corporation*, 493 F.3d 1225, 1236 (10th Cir. 2007) (noting the Court's articulation of a new plausibility standard in *Twombly*); *see also Alvarado v. KOB-TV*, 493 F.3d 1210, 1215 (10th Cir. 2007) (adopting the plausibility standard).

The court need not credit bald assertions or legal conclusions. *Anspach v. Philadelphia Department of Public Health*, 503 F.3d 256, 260 (3rd Cir. 2007) (citation omitted). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (citation omitted). A "[p]laintiff's obligation to provide the 'grounds' of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action." *League of United Latin American Citizens v. Bredensen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1964-65).

The Court must ask whether there is plausibility in the complaint when addressing the issue of sufficient factual pleadings to overcome a Rule 12(b)(6) Motion to Dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citing *Christy Sports, L.L.C. v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009)). The *Hall* Court, *supra*, also found that the complaint does not need detailed factual allegations, but the factual allegations must be

enough to raise a right to relief above the speculative level. *Id*. That Court further held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 863 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)). In *Iqbal*, the Court stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability, and that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 129 S.Ct. at 1949.

A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 127 S.Ct. at 1960). Where the complaint pleads only facts that do not permit the court to infer more than the mere possibility of misconduct, such complaint has not shown that the plaintiff is entitled to relief. *Id.* at 1950; *see also* FED. R. CIV. P. 8(a)(2). Further, where a complaint contains no more than mere legal conclusions, such conclusions are not entitled to a presumption of truth. *Iqbal*, 129 S.Ct. at 1949-50. Rather, a plaintiff must allege enough factual matter which, taken as true, suggest the legal conclusion plaintiff asserts. *Id.* at 1950. While the pleading standard of Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Id.* at 1949.

## ARGUMENTS AND AUTHORITIES

I.  **Plaintiff has Failed to State a Viable Claim for Relief against Defendant G4S for Alleged Violations of Ward's Fourteenth Amendment Rights under 42 U.S.C. § 1983.**

Plaintiff's claims against G4S, related to its alleged deprivation of Ward's Fourteenth Amendment rights, fail as a matter of law. Plaintiff specifically alleges in the Complaint that

3

"[t]here is an affirmative link between the deprivation of [Ward's] constitutional rights and G4S policies, practices and/or customs which G4S promulgated, created, implemented and/or possessed responsibility for." [Dkt. 2, ¶ 57.] Plaintiff further alleges, "G4S has utterly failed to train and supervise detention officers with respect to recognizing the signs and symptoms of serious medical conditions[.]" [Dkt. 2, ¶ 58.] Ostensibly, Plaintiff seeks to impose municipal liability on G4S.

The theory of municipal liability requires, among other things, the municipality or governmental body be the final official policymaker. *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Specifically, "it is when execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 2037-38 (1978). "Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official – even a policymaking official – has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 1299 (1986) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427, 2435-36 (1985). "The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." *Id*. at 1299-1300.

The theory of municipal liability cannot be applied to G4S. G4S does not have the final decision-making authority for the Tulsa Municipal Jail (the "jail"), which is owned and operated by the City of Tulsa. Plaintiff acknowledges as much in the Complaint. "Defendant

4

City of Tulsa … is responsible for managing the Tulsa Municipal Jail"; "As the managing entity of the Jail, the City has a duty to provide for the health and wellbeing of its inmates"; "[T]he City provided no on-site medical staff at the Jail, and, upon information and belief, did not require G4S to employ any medical staff"; "[T]he City did not provide training or guidance to G4S…regarding inmate health screenings, toxicology assessments, medical episodes, prescription drug needs, and/or other health-related concerns that would reasonably arise in the operation of a municipal jail." [Dkt. 2, ¶ 41.] These allegations, along with the remainder of the Complaint, fail to support an inference that G4S was the final policymaker for the jail. Taking Plaintiff's allegations as true, the City of Tulsa "as the managing entity of Jail" is responsible for the provision of medical care to its occupants, including Ward.

Besides the infirmities of the Complaint identified *supra*, Plaintiff has failed to meet basic pleading standards under *Twombly*, *Iqbal*, and their progeny. Plaintiff's allegations against G4S for violations of Ward's constitutional rights under Section 1983 amount to nothing more than anodyne recitations of the elements necessary to establish the theory of municipal liability. Indeed, Plaintiff fails to point to any specific policy or procedure promulgated exclusively by G4S that led to the intentional deprivation of necessary medical care to Ward which caused her death. "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support of these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). A plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff's allegations not only lack the requisite specificity,

but, as stated above, run contrary to any claim that G4S was the final decisionmaker for internal jail policies and procedures. Accordingly, Plaintiff has failed to state a claim for relief under Section 1983.

## II. Defendant G4S is Immune from Suit for Plaintiff's Oklahoma Constitutional Claims.

Section II of Plaintiff's Complaint alleges a state law negligence claim against G4S under a theory of vicarious liability for the acts of its employees also named as Defendants. [Dkt. 2, ¶ 68 ("G4S is vicariously liable for the negligence of its employees and agents[.]").] This claim is a state law constitutional claim governed by the Oklahoma Governmental Tort Claims Act ("OGTCA" or the "Act"), which specifically exempts state actors from claims stemming from the operation of prisons and detention facilities like the Tulsa Municipal Jail. Thus, G4S, as an agent of the City of Tulsa, is immune from suit under the OGTCA.

The OGTCA, 51 O.S. § 151 *et seq.*, is the exclusive remedy by which an injured plaintiff may recover against an Oklahoma governmental entity or actor in tort. *Fuller v. Odom*, 1987 OK 64, 741 P.2d 449, 451; *see also* 51 O.S. § 153. The liability of the state or political subdivision under the Act is exclusive, and in place of all other liability of a state actor, whether a political subdivision or employee at common law or otherwise. 51 O.S. § 153(B). A political subdivision is liable for loss resulting from its torts or the torts of its employees committed within the scope of employment only where private persons or entities would be liable for money damages under the laws of the state. 51 O.S. § 153. Vicarious liability, or the doctrine of *respondeat superior*, is applied under the OGTCA. *Gowens v. Barstow, Okla.*, 2015 OK 85, 364 P.3d 644, 650 (citation omitted). Through the OGTCA, the Oklahoma legislature has adopted and reaffirmed sovereign immunity for the state, its political subdivisions and all employees acting within the scope of their employment. 51 O.S. § 152.1(A). The state and

its agents consent to suit only in limited circumstances, as enumerated in Section 155 of the OGTCA.

The OGTCA provides that "[t]he state or a political subdivision shall not be liable if a loss or claim results from: . . . Provision, equipping, operation or maintenance of any prison, jail or correctional facility. . . ." 51 O.S. § 155(25). "The exemption from tort liability as provided in Section [155(25)] is all inclusive for tort claims." *Gibson v. Copeland*, 2000 OK CIV APP 112, 13 P.3d 989, 992 (citing *Medina v. State*, 1993 OK 121, 871 P.2d 1379); *see also Horton v. State*, 1996 OK 137, 915 P.2d 352, 354 (noting that the state and its political subdivisions are "immune from tort liability to inmates…for the infinite numbers of activities that are involved in prison operations"). *Medina*, *supra*, and its progeny, make clear that the exemption from tort liability applies to preserve sovereign immunity against virtually any loss or injury, whether to an inmate or other person, resulting from nearly any act undertaken in the operation of a jail. *See Medina*, 871 P.2d at 1384, n.13; *see also Purvey v. State*, 1995 OK 103, 905 P.2d 770; *State v. Burris*, 1995 OK 42, 894 P.2d 1122.

In *Redding v. State*, 1994 OK 102, 882 P.2d 61, the Oklahoma Supreme Court, discussing its holding in *Medina*, stated that the "legislative intent of § 155(23) is to protect the state from liability for loss resulting from any and all actions of officers and employees of a penal institution." *Id*. at 63 (discussing the scope of what is now Section 155(25), previously Section 155(23)). Here, Plaintiff's Oklahoma constitutional claims arise exclusively from the alleged actions of state agents within the context of operating the Tulsa Municipal Jail. Specifically, Plaintiff alleges that G4S, as the employer of the detention officers named herein as Defendants, is vicariously liable for the actions of its detention officers. Section 155(25) of the OGTCA, which extends to entities performing state functions under a

7

theory of *respondeat superior*, bars any and all claims against G4S that arise from the actions of its employees. Thus, G4S is immune from suit for Plaintiff's Oklahoma constitutional claim, and the same should be dismissed.

Where G4S, acting within the circumstances alleged by Plaintiff's Complaint, falls within the "state" or a "political subdivision" under the OGTCA, then it is immune from liability under Oklahoma law and is entitled to dismissal from this action. Both "state" and "political subdivision" are defined terms under the OGTCA:

> 11. "Political subdivision" means:
>     a. a municipality, . . .
>     and all their institutions, instrumentalities or agencies; . . .
>
> 13. "State" means the State of Oklahoma or any office, department, agency, authority, commission, board, institution, hospital, college, university, public trust created pursuant to Title 60 of the Oklahoma Statutes of which the State of Oklahoma is the beneficiary, or other instrumentality thereof.

51 O.S. § 152. "Municipality" is also a defined term under the OGTCA:

> 10. "Municipality" means any incorporated city or town, and all institutions, agencies, or instrumentalities of a municipality.

*Id.* Finally, "agency" is defined:

> 2. "Agency" means any board, commission, committee, department or other instrumentality or entity designated to act in behalf of the state or a political subdivision.

*Id.* Plaintiff's Complaint makes clear, and G4S agrees, that it was acting on behalf of the City of Tulsa at all times relevant to the allegations therein. It is further undisputed that the City of Tulsa is a municipality under the terms of the OGTCA, and is thus a "political subdivision." Thus, were G4S and its employees acting as an "institution," "instrumentality," or "agency" of the City of Tulsa at the time of Plaintiff's allegations, then G4S and its employees are afforded immunity under the OGTCA and must be dismissed from this action.

Plaintiff acknowledges in her Complaint that G4S worked at the behest, direction, and under the authority of the City of Tulsa, and, thus, that Defendant G4S is an entity which the City of Tulsa designated to act on its behalf concerning the operation of the Tulsa Municipal Jail. [Dkt. 2, ¶¶ 3, 40, 41.] This conclusion flows not only from the definitional framework of the OGTCA; it also makes logical sense, given the reality of prison operations. The only way for a private person or entity to act on behalf of a state body is through designation - whether by statute, contract, or otherwise. Without such a designation, entities involved in prison operations would be rogue actors, imprisoning people without authority or legal cause. The Complaint and common sense dictate that G4S can be nothing other than an entity designated to act on behalf of the City of Tulsa as it relates to Plaintiff's allegations.

Defendant G4S Secure Solutions (USA), Inc., respectfully requests this Court dismiss Plaintiff's state and federal constitutional claims against it with prejudice to refiling under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Respectfully submitted,

By: */s/ John H. Tucker*
John H. Tucker, OBA No. 9110
jtucker@rhodesokla.com
RHODES HIERONYMUS JONES TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121
Telephone: (918) 582-1173
Facsimile: (918) 592-3390
*Attorney for Defendant, G4S Solutions (USA), Inc.*

9

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 3rd day of June 2021, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

*Attorneys for Plaintiff:*

| | |
|---|---|
| Daniel E. Smolen | danielsmolen@ssrok.com |
| Robert M. Blakemore | bobblakemore@ssrok.com |
| 701 S. Cincinnati Ave. | |
| Tulsa, OK  74119 | |

*Attorneys for the City of Tulsa:*

| | |
|---|---|
| David E. O'Meilia | domeilia@cityoftulsa.org |
| Gerald M. Bender | gbender@cityoftulsa.org |
| Kristina L. Gray | kgray@cityoftulsa.org |
| R. Lawson Vaughn | |
| City of Tulsa, Oklahoma | |
| City Hall @ One Technology Center | |
| 175 E. Second Street, Suite 685 | |
| Tulsa, OK  74103 | |

                                      */s/ John H. Tucker*
                                      John H. Tucker