# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. TAYLOR BURKE, as Special Administrator to the Estate of LAWANDA WARD, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.: 4:21-cv-00131-TS-MTS |
| 1. SARAH KESSLER;<br>2. MATTHEW WILLIS;<br>3. M. FORBES;<br>4. E. OKODUWA; and<br>5. S. WHITWORTH; | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT SARAH KESSLER'S ANSWER TO AMENDED COMPLAINT**

Defendant, Sarah Kessler ("Kessler" or "Defendant"), by and through her counsel of record, hereby submits her Answer to Plaintiff's Amended Complaint. [Dkt. 38.] Defendant generally denies the allegations therein unless specifically admitted. Defendant further alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Defendant is without sufficient information to admit or deny the allegations in paragraph 1 of the Amended Complaint and, therefore, denies the same. Defendant expressly denies any alleged violation of Lawanda Ward's ("Ward") constitutional rights.

2. Paragraph 2 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

3. Paragraph 3 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

4. Paragraph 4 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

5. With respect to paragraph 5 of the Amended Complaint, Defendant admits she was an employee of G4S Secure Solutions ("G4S). Defendant denies all remaining allegations therein, including any alleged violation of Ward's constitutional rights.

6. Paragraph 6 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

7. Paragraph 7 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

8. Paragraph 8 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

9. Paragraph 9 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

10. Paragraph 10 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

11. Paragraph 11 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

12. Paragraph 12 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

13. Paragraph 13 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

14. With respect to paragraph 14 of the Amended Complaint, Defendant admits the court has jurisdiction over the claims at issue, but Defendant expressly denies any alleged violation of Ward's constitutional rights.

15. With respect to paragraph 15 of the Amended Complaint, Defendant admits the court has jurisdiction over the claims at issue, but Defendant expressly denies any alleged violation of Ward's constitutional rights.

16. With respect to paragraph 16 of the Amended Complaint, Defendant admits the court has jurisdiction over the claims at issue, but Defendant expressly denies any alleged violation of Ward's constitutional rights and/or state law.

17. With respect to paragraph 17 of the Amended Complaint, Defendant admits the court has jurisdiction over the claims at issue, but Defendant expressly denies any alleged violation of Ward's constitutional rights and/or state law.

## STATEMENT OF FACTS

18. In response to paragraph 18 of the Amended Complaint, Defendant incorporates by reference her answers and responses to paragraphs 1 through 17.

19. Defendant is without sufficient information to admit or deny the allegations in paragraph 19 of the Amended Complaint and, therefore, denies the same. However, Defendant acknowledges she was an employee of G4S assigned to the Tulsa Municipal Jail (the "Jail").

20. Upon information and belief, Defendant admits the allegations in paragraph 20 of the Amended Complaint.

21. Defendant is without sufficient information to admit or deny the allegations in paragraph 21 of the Amended Complaint and, therefore, denies the same.

22. Defendant is without sufficient information to admit or deny the allegations in paragraph 22 of the Amended Complaint and, therefore, denies the same.

23. Upon information and belief, Defendant admits the allegations in paragraph

23 of the Amended Complaint.

24. Defendant is without sufficient information to admit or deny the allegations in paragraph 24 of the Amended Complaint and, therefore, denies the same.

25. Defendant is without sufficient information to admit or deny the allegations in paragraph 25 of the Amended Complaint and, therefore, denies the same.

26. Defendant denies the allegations in paragraph 26 of the Amended Complaint.

27. Defendant is without sufficient information to admit or deny the allegations in paragraph 27 of the Amended Complaint and, therefore, denies the same.

28. Defendant is without sufficient information to admit or deny the allegations in paragraph 28 of the Amended Complaint and, therefore, denies the same.

29. Defendant denies as stated the allegations in paragraph 29 of the Amended Complaint.

30. Defendant is without sufficient information to admit or deny the allegations in paragraph 30 of the Amended Complaint and, therefore, denies the same.

31. Defendant is without sufficient information to admit or deny the allegations in paragraph 31 of the Amended Complaint and, therefore, denies the same.

32. Upon information and belief, Defendant admits the allegations in paragraph 32 of the Amended Complaint, but expressly denies any claim of negligence therein, actual or implied.

33. Defendant is without sufficient information to admit or deny the allegations in paragraph 33 of the Amended Complaint and, therefore, denies the same.

34. Defendant denies as stated the allegations in paragraph 34 of the Amended Complaint, including those in all subparagraphs.

35. Defendant denies as stated the allegations in paragraph 35 of the Amended Complaint. The paragraph fails to identify or otherwise specify the particular defendants referred to therein.

36. Defendant denies as stated the allegations in paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations in paragraph 37 of the Amended Complaint. Further, the paragraph fails to identify or otherwise specify the particular Defendants referred to therein.

38. Defendant denies the allegations in paragraph 38 of the Amended Complaint. Further, the paragraph fails to identify or otherwise specify the particular Defendants referred to therein.

39. Paragraph 39 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

40. Paragraph 40 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

41. Defendant is without sufficient information to admit or deny the allegations in paragraph 41 of the Amended Complaint and, therefore, denies the same. Further, the paragraph fails to identify or otherwise specify the particular Defendants referred to therein.

42. Defendant is without sufficient information to admit or deny the allegations in

paragraph 42 of the Amended Complaint and, therefore, denies the same.

43. Defendant is without sufficient information to admit or deny the allegations in paragraph 43 of the Amended Complaint and, therefore, denies the same.

44. Defendant is without sufficient information to admit or deny the allegations in paragraph 44 of the Amended Complaint and, therefore, denies the same.

45. Defendant denies as stated or is without sufficient information to admit or deny the allegations in paragraph 45 of the Amended Complaint and, therefore, denies the same.

46. Defendant is without sufficient information to admit or deny the allegations in paragraph 46 of the Amended Complaint and, therefore, denies the same.

47. Defendant denies as stated the allegations in paragraph 47 of the Amended Complaint.

48. Defendant denies as stated or is without sufficient information to admit or deny the allegations in paragraph 48 of the Amended Complaint and, therefore, denies the same.

49. Defendant denies as stated or is without sufficient information to admit or deny the allegations in paragraph 49 of the Amended Complaint and, therefore, denies the same.

50. Defendant denies the allegations in paragraph 50 of the Amended Complaint.

51. With respect to paragraph 51 of the Amended Complaint, Defendant admits being an employee of G4S. Defendant denies the remaining allegations therein.

52. Paragraph 52 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required,

Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

## CAUSES OF ACTION

### I.
### VIOLATION OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES
### (42 U.S.C. § 1983)

**A. Jail Staff/Underlying Violations**

53. In response to paragraph 53 of the Amended Complaint, Defendant incorporates by reference her answers and responses to paragraphs 1 through 52.

54. To the extent paragraph 54 of the Amended Complaint refers to Defendant, the allegations therein are denied.

55. To the extent paragraph 55 of the Amended Complaint refers to Defendant, the allegations therein are denied.

56. To the extent paragraph 56 of the Amended Complaint refers to Defendant, the allegations therein are denied.

57. Defendant denies the allegations in paragraph 57 of the Amended Complaint.

58. To the extent paragraph 58 of the Amended Complaint refers to Defendant, the allegations therein are denied.

**B. Municipal Liability (City of Tulsa)**

59. In response to paragraph 59 of the Amended Complaint, Defendant incorporates by reference her answers and responses to paragraphs 1 through 58.

60. Paragraph 60 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and,

therefore, denies the same.

61. Paragraph 61 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same. Further, Defendant incorporates by reference her answers and responses to paragraphs 42 through 52.

62. Paragraph 62 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

63. Paragraph 63 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant denies the allegations therein.

64. Paragraph 64 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

65. Paragraph 65 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

66. Paragraph 66 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required,

Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

67. Paragraph 67 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

68. Paragraph 68 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

**C. G4S Secure Solutions (USA), Inc.**

69. In response to paragraph 69 of the Amended Complaint, Defendant incorporates by reference her answers and responses to paragraphs 1 through 68.

70. Paragraph 70 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

71. Paragraph 71 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same. Further, Defendant incorporates by reference her answers and responses to paragraphs 42 through 52.

72. Paragraph 72 of the Amended Complaint does not state an allegation against

Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

73.     Paragraph 73 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant denies the allegations therein.

74.     Paragraph 74 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant denies as stated the allegations therein.

75.     Paragraph 75 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant denies as stated the allegations therein.

76.     Paragraph 76 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

77.     Paragraph 77 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

78.     Paragraph 78 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and,

therefore, denies the same.

## II.
## NEGLIGENCE
## (G4S)

79. In response to paragraph 79 of the Amended Complaint, Defendant incorporates by reference her answers and responses to paragraphs 1 through 78.

80. Paragraph 80 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

81. Paragraph 81 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant denies the allegations therein.

82. Paragraph 82 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant denies the allegations therein.

83. Paragraph 83 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and, therefore, denies the same.

84. Paragraph 80 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. Further, the paragraph contains a legal conclusion reserved for the finder of fact to determine. To the extent a response is required, Defendant is without sufficient information to admit or deny the allegations therein and,

therefore, denies the same.

85. Paragraph 85 of the Amended Complaint does not state an allegation against Defendant and, therefore, a response is unnecessary. To the extent a response is required, Defendant denies the allegations therein.

86. Defendant denies generally and specifically the allegations and prayer for relief contained in the WHEREFORE paragraph of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

For Affirmative Defenses, Defendant alleges and states as follows:

1. Plaintiff's Amended Complaint fails to state a claim against this Defendant on any ground upon which relief can be granted.

2. Defendant did not participate in any violation of Plaintiff's and/or Ward's constitutional rights.

3. The constitutional rights of Plaintiff and/or Ward were not violated.

4. Plaintiff has failed to show any actual injury resulting from the alleged constitutional violations.

5. Plaintiff has failed to adequately set forth any facts to indicate any standard of care was breached by Defendant.

6. Plaintiff has failed to mitigate damages.

7. Defendant did not create, cause, implement, or enforce a policy or custom or practice that was the moving force behind Plaintiff's and/or Ward's alleged injuries.

8. Plaintiff has failed to adequately set forth any facts to indicate a custom or practice of Defendant acting with deliberate indifference toward the constitutional rights of any inmates, including Ward.

9. Punitive damages are inapplicable. Additionally, the imposition of punitive damages against Defendant would be improper, unconstitutional, and would violate the rights of Defendant under the United States Constitution and the Oklahoma Constitution. Any claim for punitive damages by Plaintiff is barred and/or limited by OKLA. STAT. TIT. 23, § 9.1.

10. Any damages allegedly suffered by Plaintiff and/or Ward were caused by the voluntary assumption of the risk by Ward.

11. Any damages allegedly suffered by Plaintiff and/or Ward were caused by the acts or negligence of a person, or persons other than Defendant, over whom Defendant exercised no control or supervision.

12. Any damages allegedly suffered by Plaintiff and/or Ward were caused by intervening or supervening causes for which Defendant is not responsible.

13. Any damages allegedly suffered by Plaintiff and/or Ward were the result of unforeseeable or unavoidable complications due to the underlying conditions of Ward, for which this Defendant is not responsible.

14. Any damages allegedly suffered by Plaintiff and/or Ward were caused by a pre-existing or post-developing, unrelated medical conditions, disease, illness, or infection for which Defendant is not responsible.

15. Defendant generally and specifically adopts any and all affirmative defenses available under the United States Constitution, the Oklahoma Constitution, common law, or statutory law (including, but not limited to those identified herein and OKLA. STAT. TIT. 12, §§ 2008 and 2012).

16. Lack of jurisdiction over Defendant (person or subject matter).

17. Insufficiency of process and service of process.

18. Plaintiff has sued an improper party.

19. Plaintiff lacks the capacity to sue.

20. Defendant lacks the capacity to be sued.

21. Any action by Plaintiff against Defendant is barred by the applicable statute of limitations.

22. Release.

23. Waiver.

24. Laches.

25. Setoff.

26. Contribution.

27. All policies, practices and customs used by Defendant with regard to the Plaintiff and this Amended Complaint are constitutional.

28. Defendant did not breach any legal duty to the Plaintiff and/or Ward.

29. Plaintiff has failed to state a claim for a constitutional violation or negligence.

30. Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

31. Plaintiff has failed to set forth any allegations that would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of Defendant.

32. Defendant is entitled to tort immunity under the Oklahoma Governmental Tort Claims Act, OKLA. STAT. TIT. 51 § 151, *et seq*.

33. Plaintiff's damages are limited by the Prison Reform Litigation Act (PRLA).

34. Plaintiff's damages are limited by OKLA. STAT. TIT. 12, § 3009.1.

35. Negligence is insufficient to state a constitutional claim.

36. General denial.

37. Defendant specifically reserves the right to amend this Answer and to raise additional affirmative defenses pending completion of discovery and submission of a Pretrial Order.

38. Defendant demands a jury trial.

WHEREFORE, having answered, Defendant, Sarah Kessler, prays that the Plaintiff take nothing by reason of her Amended Complaint and that it be dismissed herein, with expenses, costs and such other relief as the Court deems just and proper.

                               Respectfully submitted,

By   /s/ John H. Tucker
JOHN H. TUCKER, OBA 9110
jtucker@rhodesokla.com
JOSEPH E. STALL, OBA 32875
jstall@rhodesokla.com
AUSTIN T. JACKSON, OBA 33922
ajackson@rhodesokla.com
RHODES HIERONYMUS JONES TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173; (918) 592-3390 (fax)
***Attorneys for Defendants Sarah Kessler,***
***Matthew Willis, E. Okoduwa, and S. Whitworth***

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 19th day of June 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

*Attorneys for Plaintiff:*

| | |
|---|---|
| Daniel E. Smolen | danielsmolen@ssrok.com |
| Robert M. Blakemore | bobblakemore@ssrok.com |
| 701 S. Cincinnati Ave. | |
| Tulsa, OK 74119 | |

                                          */s/ John H. Tucker*