IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAYLOR BURKE, as Special Administrator to the Estate of LAWANDA WARD, deceased,<br><br>Plaintiff,<br>v.<br><br>SARAH KESSLER, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR STAY OF PROCEEDINGS<br><br><br>Case No. 4:21-CV-131-TS-SH<br><br>Judge Ted Stewart[1] |

This matter comes before the Court on Defendant Matthew Willis' Motion for Stay of Proceedings[2] and Amended Motion for Stay.[3] For the reasons discussed below, the Court will deny the Motion as moot and deny the Amended Motion without prejudice.

This case arises from the death of Lawanda Ward, a detainee of the Tulsa Municipal Jail. The case was originally filed in March 2021. Subsequently, the Court ruled on two motions to dismiss in succession, ultimately dismissing six of the named defendants in May 2023.[4] Defendant Willis filed an answer on June 19, 2023. On September 24, 2024, the Court issued a scheduling order.[5] Defendant Willis filed a Motion for Stay on September 23, 2024, and an Amended Motion for Stay on October 4, 2024. Plaintiff did not file an objection.

---

[1] Sitting by special designation for the Northern District of Oklahoma.

[2] Docket No. 73.

[3] Docket No. 75.

[4] Docket No. 55.

[5] Docket No. 74.

1

Defendant Willis seeks a stay of proceedings pursuant to 50 U.S.C. § 3932.[6] "At any stage before final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days," if the party meets two conditions.[7] These conditions require the servicemember to include, "(A) [a] letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear[,]" and "(B) [a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter."[8]

The Amended Motion does not comply with the requirements under 50 U.S.C. § 3932 and accordingly, the Court will deny the Amended Motion. First, the Amended Motion does not include a communication stating the manner in which his current military duty requirements materially affects his ability to appear. Although Mr. Willis is deployed overseas, the Amended Motion fails to address why he could not communicate with counsel or others via phone or internet or participate in alternate means of discovery, such as video or zoom depositions.[9] Now nearly three and half years after the original complaint was filed, the parties are only just beginning discovery and a trial date is not yet set. Additionally, pursuant to the scheduling

---

[6] Defendant Willis files his motion pursuant to 50 App. U.S.C. § 522. In February 2022, § 522 was recodified as 50 U.S.C. § 3932.

[7] 50 U.S.C. § 3932(b)(1).

[8] *Id.* § 3932(b)(2).

[9] *See Comer v. City of Palm Bay, Fla.*, 265 F.3d 1186, 1191 (11th Cir. 2001) ("Palmer failed to address whether alternative means of conducting discovery, such as telephone depositions or written interrogatories, were available."); *Massey v. Kim*, 455 S.E. 2d 306 (Ga. Ct. App. 1995); *Keefe v. Spangenberg*, 533 F. Supp. 49 (W.D. Okla. 1981).

order,[10] the close of discovery is set more than a month after Mr. Willis return date on August 19, 2025. Further, the attached memorandum[11] does not include communication from Mr. Willis' commanding officer stating that his military service prevents appearance, and that military leave is not authorized.

Based on the foregoing, the Court will deny the Amended Motion without prejudice. If Defendant Willis files a new motion to stay, he must comply with the requirements of § 3932, as described above.

It is therefore

ORDERED that Defendant's Motion for Stay of Proceedings (Docket No. 73) is DENIED as moot; It is further

ORDERED that Defendant's Motion for Stay of Proceedings (Docket No. 75) is DENIED without prejudice.

DATED this 21st day of October, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10] Docket No. 74.

[11] Docket No. 75-1.